## THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| GARY CLAYTON VIENS,<br><br>Plaintiff,<br><br>v.<br><br>DR. NOWICKI et al.,<br><br>Defendants. | **MEMORANDUM DECISION<br>AND ORDER**<br><br>Case No. 1:22-CV-8-HCN<br><br>Howard C. Nielson, Jr.<br>United States District Judge |

This case is a *pro se* civil-rights action brought under 42 U.S.C. § 1983. *See* Dkt. No. 7. Having now screened the Complaint under its statutory review authority,[1] the court orders Plaintiff to file an amended complaint to cure the deficiencies identified in this order before further pursuing his claims.

## COMPLAINT'S DEFICIENCIES

The court has identified the following deficiencies in Plaintiff's Complaint, which will be explained in greater detail below. The Complaint:

1) appears to have been supplemented piecemeal with potential claims and allegations included in a separately filed motion for a preliminary injunction, *see* Dkt. No. 8, which claims and allegations should be included in an amended

---

[1] The screening statute reads:

(a) Screening.—The court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

(b) Grounds for dismissal.—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—

(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

(2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.

complaint, if filed, and will not be treated further by the court unless properly included;

2)      does not adequately allege an affirmative link between the defendants and the alleged civil rights violations;

3)      does not clearly and adequately state a claim for inadequate medical treatment.

## GUIDANCE FOR PLAINTIFF

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "(1) a short and plain statement of the grounds for the court's jurisdiction . . .; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." These requirements are meant to guarantee "that defendants enjoy fair notice of what the claims against them are and the grounds upon which they rest." *TV Commc'ns Network, Inc. v ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991).

Pro se litigants are not excused from complying with these minimal pleading demands. "This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Moreover, it is improper for the court "to assume the role of advocate for a pro se litigant." *Id.* Thus, the court cannot "supply additional facts, [or] construct a legal theory for plaintiff that assumes facts that have not been ple[d]." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989).

Plaintiff should consider these general points before filing an amended complaint. First, the amended complaint must stand entirely on its own and shall not refer to, or incorporate by reference, any portion of the original complaint or any other document outside the complaint.

*See Murray v. Archambo*, 132 F.3d 609, 612 (10th Cir. 1998) (stating amended complaint supersedes original); *McKnight v. Douglas Cty. Corr. Facility*, No. 21-3030-SAC, 2021 U.S. Dist. LEXIS 118659, at *7 n.1 (D. Kan. June 25, 2021) ("An Amended Complaint is not simply an addendum to the original complaint, and instead completely supersedes it. Therefore, any claims or allegations not included in the Amended Complaint are no longer before the court. Plaintiff may not simply refer to an earlier pleading, and the Amended Complaint must contain all allegations and claims that Plaintiff intends to pursue in this action, including those to be retained from the original complaint."). The amended complaint may also not be added to by any other document after it is filed without moving for amendment. Instead, all claims and information must be included in an amended complaint, if one is filed. Nothing outside the complaint will be treated by the Court as adding claims or defendants.

Second, the amended complaint must "name every defendant in the caption of the amended complaint," *McKnight*, 2021 U.S. Dist. LEXIS 118659, at *7 n.1 (citing Fed. R. Civ. P. 10 ("The title of the complaint must name all the parties . . . .")), and must clearly state in the body of the complaint what *each* defendant—typically, a named government employee—did to violate Plaintiff's civil rights. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) (stating personal participation of each named defendant is essential allegation in civil-rights action). "To state a claim, a complaint must 'make clear exactly *who* is alleged to have done *what* to *whom*.'" *Stone v. Albert*, 338 F. App'x 757, (10th Cir. 2009) (unpublished) (emphasis in original) (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008)). Plaintiff should also include, to the extent possible, specific locations, circumstances, and dates of alleged constitutional violations. *McKnight*, 2021 U.S. Dist. LEXIS 118659, at *7 n.1.

Third, each cause of action, together with the facts and citations that directly support it, should be stated separately. Plaintiff should be as brief as possible while still using enough words to fully explain the "who," "what," "where," "when," and "why" of each claim. *Robbins*, 519 F.3d at 1248 ("The [*Bell Atlantic Corp. v.*] *Twombly* Court was particularly critical of complaints that 'mentioned no specific, time, place, or person involved in the alleged [claim].' [550 U.S. 544, 565] n.10 (2007). Presented with such a complaint, 'a defendant seeking to respond to plaintiff's conclusory allegations . . . would have little idea where to begin.'" (internal citation omitted)).

Fourth, Plaintiff may not name an individual as a defendant based solely on his or her supervisory position. *See Mitchell v. Maynard*, 80 F.2d 1433, 1441 (10th Cir. 1996) (stating that supervisory status alone does not support § 1983 liability).

Fifth, the denial of a grievance alone, with no connection to "violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983." *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009).

Sixth, "[n]o action shall be brought with respect to prison conditions under . . . [f]ederal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). However, Plaintiff need not include grievance details in the complaint. Exhaustion of administrative remedies is an affirmative defense that must be raised by Defendants. *See Jones v. Bock*, 549 U.S. 199, 216 (2007).

• **Affirmative Link – Personal Participation**

[A] plaintiff who brings a constitutional claim under § 1983 can't
obtain relief without first satisfying the personal-participation

requirement. That is, the plaintiff must demonstrate the defendant "personally participated in the alleged constitutional violation" at issue. *Vasquez v. Davis*, 882 F.3d 1270, 1275 (10th Cir. 2018). Indeed, because § 1983 is a "vehicle[] for imposing personal liability on government officials, we have stressed the need for careful attention to particulars, especially in lawsuits involving multiple defendants." *Pahls v. Thomas*, 718 F.3d 1210, 1225 (10th Cir. 2013); *see also Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008) (explaining that when plaintiff brings § 1983 claims against multiple defendants, "it is particularly important . . . that the complaint make clear exactly *who* is alleged to have done *what* to *whom*"); *Tonkovich v. Kan. Bd. of Regents*, 159 F.3d 504, 532-33 (10th Cir. 1998)) (holding that district court's analysis of plaintiff's § 1983 claims was "infirm" where district court "lump[ed]" together plaintiff's claims against multiple defendants—"despite the fact that each of the defendants had different powers and duties and took different actions with respect to [plaintiff]"—"wholly failed to identify specific actions taken by particular defendants that could form the basis of [a constitutional] claim").

*Estate of Roemer v. Johnson*, 764 F. App'x 784, 790-91 (10th Cir. 2019).

"A plaintiff's failure to satisfy this requirement will trigger swift and certain dismissal." *Id*. at 790 n.5. Indeed, the Tenth Circuit has "gone so far as to suggest that failure to satisfy the personal-participation requirement will not only justify dismissal for failure to state a claim; it will render the plaintiff's claim frivolous." *Id*.

### • Inadequate Medical Treatment

The Eighth Amendment's ban on cruel and unusual punishment requires prison officials to "provide humane conditions of confinement" including "adequate . . . medical care." *Craig v. Eberly*, 164 F.3d 490, 495 (10th Cir. 1998)) (quoting *Barney v. Pulsipher*, 143 F.3d 1299, 1310 (10th Cir. 1998)). To state a cognizable claim under the Eighth Amendment for failure to provide proper medical care, "a prisoner must allege acts or omissions *sufficiently harmful* to evidence

deliberate indifference to serious medical needs." *Olson v. Stotts*, 9 F.3d 1475, 1477 (10th Cir. 1993) (emphasis in original) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Any Eighth Amendment claim must be evaluated under objective and subjective prongs. First, a court must determine if "the deprivation [was] sufficiently serious . . . ." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). And if so, the court must then determine whether "the officials act[ed] with a sufficiently culpable state of mind." *Id.*

Under the objective prong, a medical need is "sufficiently serious . . . if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Sealock*, 218 F.3d at 1209 (citations and quotation marks omitted).

The subjective component requires that a plaintiff show that prison officials were consciously aware that the prisoner faced a substantial risk of harm and wantonly disregarded that risk "by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994). "[T]he 'inadvertent failure to provide adequate medical care' tantamount to negligence does not satisfy the deliberate indifference standard." *Sparks v. Singh*, 690 F. App'x 598, 604 (10th Cir. 2017) (unpublished) (quoting *Estelle v. Gamble*, 429 U.S. 97, 105–06 (1976)). Furthermore, "a prisoner who merely disagrees with a diagnosis or a prescribed course of treatment does not state a constitutional violation." *Perkins v. Kan. Dep't of Corrs.,* 165 F.3d 803, 811 10th Cir. 1999); *see also Gee v. Pacheco*, 627 F.3d 1178, 1192 (10th Cir. 2010) ("Disagreement with a doctor's particular method of treatment, without more, does not rise to the level of an Eighth Amendment violation.").

## ORDER

**IT IS HEREBY ORDERED** that:

1.    Plaintiff's motion for a preliminary injunction is **DENIED**. Dkt. No. 8. The remedy

sought in the motion is not linked to a claim in the Complaint.

2.    Plaintiff must within thirty days cure the deficiencies noted above by filing a document

entitled, "Amended Complaint." Plaintiff shall not add any other claims beyond what is

already set forth in the Complaint, except—if he wishes—a claim regarding inadequate

medical care relating to the medication sought in the motion for a preliminary injunction,

*see id*.

3.    The Clerk's Office shall mail Plaintiff the Pro Se Litigant Guide with a blank-form civil-

rights complaint which Plaintiff must use if Plaintiff wishes to pursue an amended

complaint.

4.    If Plaintiff fails to timely cure the deficiencies identified above as instructed in this order,

this action will be dismissed without further notice.

5.    Plaintiff shall not try to serve Amended Complaint on the Defendants; instead, the court

will perform its statutory screening function and determine first whether the amended

complaint warrants service. No motion for service of process is needed. *See* 28 U.S.C. §

1915(d) ("The officers of the court shall issue and serve all process, and perform all

duties in [*in forma pauperis*] cases."). All defendants and claims should be included in

the Amended Complaint, if filed, and will not be considered further by the court unless

properly included.

**6.**     Plaintiff must inform the Court of any address change and must timely comply with all

court orders. *See* D. Utah Civ. R. 83-1.3(e). Failure to do so may result in this action's

dismissal for failure to prosecute. *See* Fed. R. Civ. P. 41(b).

**7.**     Extensions of time are disfavored, though reasonable extensions may be granted. Any

motion for time extension must be filed no later than **fourteen days** before the deadline

to be extended.

**8.**     No direct communication is to take place with any judge. Any letters, documents, and

papers, labeled with case number, are to be directed to the Clerk of Court.

DATED this 21st day of June, 2022.

BY THE COURT:

Howard C. Nielson, Jr.
United States District Judge

8