THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| GARY CLAYTON VIENS,<br><br>Plaintiff,<br><br>v.<br><br>DR. NOWICKI et al.,<br><br>Defendants. | **MEMORANDUM DECISION<br>AND ORDER<br>TO SHOW CAUSE**<br><br>Case No. 2:22-CV-8-HCN<br><br>District Judge Howard C. Nielson Jr. |

Plaintiff Gary Clayton Viens, an inmate at Utah State Correctional Facility, brought this *pro se* civil rights action under 42 U.S.C. § 1983. *See* Dkt. No. 7. The court screened the Complaint as required by 28 U.S.C. § 1915A and ordered Plaintiff to file an amended complaint to cure the deficiencies the court identified in the Complaint before further pursuing his claims. *See* Dkt. No. 14. Plaintiff failed to file an amended complaint, and the court ordered him to show cause why this action should not be dismissed for failure to comply with the court's order to file an amended complaint. *See* Dkt. No. 17. Plaintiff moved for multiple extensions of time to respond to the court's order, which the court granted. *See* Dkt. Nos. 18, 19, 20, 21, 22, 23, 24, 25.

Plaintiff has now filed an amended complaint. *See* Dkt. No. 26. But Plaintiff has not used the blank-form civil-rights complaint as the court required if he wished to pursue an amended complaint. *See* Dkt. Nos. 26, 14 at 7 ¶ 4. The court now gives Plaintiff a final chance to follow its June 21, 2022 instructions.

## COMPLAINT'S DEFICIENCIES

The court has identified the following deficiencies in Plaintiff's Complaint, which will be explained in greater detail below. The Complaint:

(a) may not affirmatively link defendants to allegations of civil-rights violations;

(b) does not state adequately a claim of improper medical treatment;

(c) appears to be supplemented piecemeal with potential claims and information found in a motion for preliminary injunction, filed on February 2, 2022 (after the Complaint), which claims and information should be included in an amended complaint, if filed, and will not be treated further by the court unless properly included. (ECF Nos. 7–8.)

(d) has claims apparently regarding confinement; however, complaint was apparently not drafted with contract attorneys' help.

## REPEATED GUIDANCE FOR PLAINTIFF

Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "(1) a short and plain statement of the grounds for the court's jurisdiction . . .; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Rule 8's requirements are meant to guarantee "that defendants enjoy fair notice of what the claims against them are and the grounds upon which they rest." *TV Communications Network, Inc. v ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991).

Pro se litigants are not excused from meeting these minimal pleading demands. "This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Moreover, it is improper for the court "to assume the role of advocate for a pro se litigant." *Id.* The court thus cannot "supply additional facts, [or] construct a legal theory for plaintiff that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989).

Plaintiff should consider these general points before filing an amended complaint:

1. The revised complaint shall stand entirely on its own and shall not refer to, or incorporate by reference, any portion of the original complaint. *See Murray v. Archambo*, 132 F.3d 609, 612 (10th Cir. 1998). Plaintiff may not supplement or make changes to the amended complaint after it is filed without first moving for leave to amend pursuant to Federal Rule of Civil Procedure 15.

2. The complaint must clearly state what each defendant—typically, a named government employee—did to violate Plaintiff's civil rights. *See Bennett v. Passic*, 545 F.2d 1260, 1262–63 (10th Cir. 1976). "To state a claim, a complaint must 'make clear exactly *who* is alleged to have done *what* to *whom*.'" *Stone v. Albert*, 338 F. App'x 757, 759 (10th Cir. 2009) (emphasis in original) (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008)). Plaintiff should also include—to the extent possible—specific dates when the alleged constitutional violations occurred. If Plaintiff does not know the specific dates, he should, at a minimum, provide an estimate of when the alleged constitutional violations occurred.

3. Each cause of action, together with the facts and citations that directly support it, should be stated separately. Plaintiff should be as brief as possible while still fully explaining the "who," "what," "where," "when," and "why" of each claim. As the Tenth Circuit has explained, the Supreme Court has been "particularly critical of complaints that mentioned no specific, time, place, or person involved in the alleged [claims]. Given such a complaint, a defendant seeking to

3

respond to plaintiffs' conclusory allegations would have little idea where to begin." *Robbins*, 519 F.3d at 1248 (cleaned up).

4. Plaintiff may not name an individual as a defendant based solely on his or her holding a supervisory position. *See Mitchell v. Maynard*, 80 F.2d 1433, 1441 (10th Cir. 1996).

5. The "denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983." *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009).

6. "No action shall be brought with respect to prison conditions under . . . Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). A plaintiff need not, however, include details of a grievance in his complaint. Exhaustion of administrative remedies is an affirmative defense that must be raised by Defendants. *See Jones v. Bock*, 549 U.S. 199, 216 (2007).

## AFFIRMATIVE LINK

"[A] plaintiff who brings a constitutional claim under § 1983 can't obtain relief without first satisfying the personal-participation requirement." *Estate of Roemer v. Johnson*, 764 F. App'x 784, 790 (10th Cir. 2019). To meet this requirement,

> the plaintiff must demonstrate the defendant "personally participated in the alleged constitutional violation" at issue. *Vasquez v. Davis*, 882 F.3d 1270, 1275 (10th Cir. 2018). Indeed, because § 1983 is a "vehicle[] for imposing personal liability on government officials, we have stressed the need for careful attention to particulars, especially in lawsuits involving multiple defendants." *Pahls v. Thomas*, 718 F.3d 1210, 1225 (10th Cir. 2013); *see also Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008) (explaining that when plaintiff brings § 1983 claims against multiple defendants, "it is particularly important . . . that the complaint make clear exactly *who* is alleged to have done *what* to *whom*"); *Tonkovich v. Kansas Bd. of Regents*, 159 F.3d 504, 532-33 (10th Cir. 1998)) (holding that district court's

analysis of plaintiff's § 1983 claims was "infirm" where district court "lump[ed]" together plaintiff's claims against multiple defendants—"despite the fact that each of the defendants had different powers and duties and took different actions with respect to [plaintiff]"—and "wholly failed to identify specific actions taken by particular defendants that could form the basis of [a constitutional] claim").

*Id.* at 790–91. "A plaintiff's failure to satisfy this requirement will trigger swift and certain dismissal." *Id*. at 790 n.5. Indeed, the Tenth Circuit has "gone so far as to suggest that failure to satisfy the personal-participation requirement will not only justify dismissal for failure to state a claim; it will render the plaintiff's claim frivolous." *Id*.

## IMPROPER MEDICAL TREATMENT

To demonstrate that the conditions of his confinement—such as the quality of medical care—give rise to liability under Section 1983, a plaintiff must

> prove both an objective and subjective component associated with the deficiency. *Id.* at 834. The objective component requires conditions sufficiently serious so as to (1) deprive an inmate "of the minimal civilized measure of life's necessities" or (2) subject an inmate to "a substantial risk of serious harm." *Shannon v. Graves*, 257 F.3d 1164, 1168 (10th Cir. 2001) (quotation omitted). "The subjective component requires that a defendant prison official have a culpable state of mind, that he or she acts or fails to act with deliberate indifference to inmate health and safety." *Id.* To prove deliberate indifference, a prisoner must adduce sufficient facts to show the defendant knew of and disregarded "an excessive risk to inmate health or safety." *Farmer*, 511 U.S. at 837. Under this standard, "the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* This high standard for imposing personal liability on prison officials (i.e., the same standard of subjective recklessness used in the criminal law) is necessary to ensure that only those prison officials that inflict punishment are liable for violating the dictates of the Eighth Amendment. *Id.* at 835-45; *see also Self v. Crum*, 439 F.3d 1227, 1232 (10th Cir. 2006) (holding that *Farmer*'s "subjective component is not satisfied[] absent an extraordinary degree of neglect"); *Giron v. Corrections Corp. of Am.*, 191 F.3d 1281, 1286 (10th Cir. 1999) (recognizing

5

> that *Farmer*'s deliberate indifference standard sets out a "stringent standard of fault").

*Brooks v. Colorado Dep't of Corr.*, 12 F.4th 1160, 1173 (10th Cir. 2021).

## ORDER

**IT IS HEREBY ORDERED**:

1. That Dkt. No. 26, docketed as "Amended Complaint," is **STRUCK** from the docket. The document is not on the form required by the court and does not present a proper complaint.

2. That Plaintiff shall **SHOW CAUSE** within thirty days why this action should not be dismissed due to his failure to cure the complaint's deficiencies noted above. He must file the completed form complaint included with the past and current orders, and entitle the completed form complaint, "Amended Complaint," which shall not refer to or include any other document.

3. The Clerk's Office shall mail Plaintiff a Pro Se Litigant Guide with two blank-form civil-rights complaints which Plaintiff must use if he wishes to pursue an amended complaint here and another case.

4. If Plaintiff fails to timely cure the deficiencies discussed above as instructed in this Order, this action will be dismissed without further notice.

5. The amended complaint shall not include any claims that occurred after the date of the Complaint, filed January 6, 2022, or are beyond the allegations contained in the Complaint, *see* Dkt. No. 7. The court will not address any new claims or outside allegations and will dismiss such new claims. If Plaintiff wishes to raise other claims and allegations, Plaintiff may do so only in a new complaint in a new action.

   6. Plaintiff shall not try to serve the amended complaint on Defendants; instead, the court will perform its screening function and determine itself whether the amended complaint warrants service. No motion for service of process is needed. All defendants and claims should be included in an amended complaint, if filed, and will not be treated further by the court unless properly included. This is the final order allowing Plaintiff to cure deficiencies.

   7. Docket Numbers 27 and 28, Plaintiff's motions to amend his pleadings to include claims of retaliation and "expedite [this] case due to retaliation" regarding more recent allegations of inadequate medical treatment are **DENIED**. As stated above, if Plaintiff wishes to pursue claims outside those found in his original complaint, he may do so in a new action.

   **IT IS SO ORDERED.**

           DATED this 28th day of February, 2024.

           BY THE COURT:

           _____
           Howard C. Nielson, Jr.
           United States District Judge