THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| GARY CLAYTON VIENS, <br><br> Plaintiff, <br><br> v. <br><br> DR. NOWICKI et al., <br><br> Defendants. | **MEMORANDUM DECISION & DISMISSAL ORDER** <br><br> Case No. 2:22-cv-8-HCN <br><br> Howard C. Nielson, Jr. <br> United States District Judge |

Plaintiff Gary Clayton Viens, an inmate at Utah State Correctional Facility, brought this *pro se* civil rights action under 42 U.S.C. § 1983 on January 6, 2022. *See* Dkt. No. 7. The court screened the Complaint as required by 28 U.S.C. § 1915A and, on June 21, 2022, ordered Plaintiff to file an amended complaint to cure the deficiencies the court identified in the Complaint before further pursuing his claims. *See* Dkt. No. 14. After Plaintiff failed to do so for eight months, the court entered an order on February 21, 2023 ordering him to show cause why this action should not be dismissed for failure to comply with the court's order to file an amended complaint. *See* Dkt. No. 17. Plaintiff then moved for multiple extensions of time to respond to the court's order, which the court granted. *See* Dkt. Nos. 18, 19, 20, 21, 22, 23, 24, 25.

Plaintiff eventually filed a document styled as an amended complaint, *see* Dkt. No. 26, but neither used the correct form nor corrected the deficiencies that the court had identified, *see* Dkt. Nos. 26, 14 at 7 ¶ 4. On February 28, 2024, the court struck that filing, ordering Plaintiff to cure his deficient amended complaint by filing a second amended complaint within thirty days.

*See* Dkt. No. 29. In that order, the court cautioned Plaintiff that failure to do so would result in the dismissal of this action without further notice. *See id*. at 6. Plaintiff has not responded and has not otherwise communicated with the court.

Under Federal Rule of Civil Procedure 41(b), "[if] the [petitioner] fails to prosecute or to comply with these rules or a court order, a [respondent] may move to dismiss the action or any claim against it." FED. R. CIV. P. 41(b). "Although the language of Rule 41(b) requires that the [respondent] file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a [petitioner's] failure to prosecute or comply with the rules of civil procedure or court's orders." *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003). Courts also have inherent authority to clear their "calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962). Dismissal for failure to prosecute is the "standard" way to clear "deadwood from the courts' calendars" resulting from a petitioner's "prolonged and unexcused delay." *Bills v. United States*, 857 F.2d 1404, 1405 (10th Cir. 1988).

This court's local civil rules thus provide that "[t]he court may issue at any time an order to show cause why a case should not be dismissed for lack of prosecution" and "[i]f good cause is not shown within the time prescribed by the order to show cause, the court may enter an order of dismissal with or without prejudice, as the court deems proper." DUCivR 41-2. Where dismissal is without prejudice, "a district court may, without abusing its discretion, enter such an

order without attention to any particular procedures." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cnty. Just. Ctr.*, 492 F.3d 1158, 1162 (10th Cir. 2007).[1]

The court finds that Petitioner has failed to prosecute this action, comply with this court's orders, or show good cause why this action should not be dismissed. The court accordingly dismisses Petitioner's action pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 41-2. In the interest of justice, dismissal is without prejudice.

IT IS SO ORDERED.

DATED this 12th day of August, 2024.

BY THE COURT:

Howard C. Nielson, Jr.
United States District Judge

---

[1] When dismissal is with prejudice—either by its terms or in effect—the court must consider "(1) the degree of actual prejudice to [Respondent]"; (2) "the amount of interference with the judicial process"; (3) the litigant's culpability; (4) whether the court warned the noncomplying litigant that dismissal of the action was a likely sanction; and (5) "the efficacy of lesser sanctions." *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) (internal quotation marks omitted). Although, in the interests of justice, the court is dismissing the action without prejudice, the court believes the *Ehrenhaus* factors would support dismissal with prejudice given that despite showing the ability to file a complaint and initiate this action, Plaintiff has failed to cure the deficiencies in his complaint and to comply with court's order to show cause, that more than two years have passed since the court first ordered Plaintiff to amend his complaint, that nearly six months have passed since the court next ordered Plaintiff to amend his complaint, and that the court expressly warned Plaintiff that it would dismiss this action if he did not file an amended complaint or comply with court orders.